UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FENG CAI WANG, on behalf of herself and
others similarly situated,

                            Plaintiff,                      **<u>ORDER</u>**

       - against -                             20 CV 04588 (CBA) (CLP)

SHANGHAI YOU GARDEN, INC., d/b/a Shanghai
You Garden Dumpling House, et al.,

                            Defendants.
-------------------------------------------------------------X

      On September 27, 2020, plaintiff Feng Cai Wang commenced this action against corporate defendants You Garden Dumpling Inc., d/b/a Shanghai You Garden; You Garden Xiao Long Bao Inc., d/b/a Shanghai You Garden; Golden Roast, Inc., d/b/a Corner 28; and Gao and Yuen 28 LLC, and individual defendants Yuen Fan, Alan Gao, Shukwan Li, a/k/a Shu Kwan Li, Xiaoyun Shang, a/k/a Xiao Yun Shang, and Victoria Fan-Li, a/k/a Victoria Fan, a/k/a Victoria Li (collectively "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>, and the New York Labor Law ("NYLL").  Specifically, plaintiff claims that defendants failed to pay her overtime compensation for any hours worked over 40 in a work week, minimum wages, spread-of-hours pay, and she alleged other violations under the NYLL.

      On November 30, 2020, plaintiff filed an Amended Complaint, naming as additional corporate defendants Shanghai You Garden, Inc., d/b/a Shanghai You Garden Dumpling House and You Garden Inc., also d/b/a Shanghai You Garden Dumpling House, Dumpling Times Inc., d/b/a Shanghai You Garden, and Roast 28 Inc., d/b/a Corner 28, and individual defendants Xiu Feng Gao and Yang Gao.

Presently before this Court is plaintiff's motion for:  (1) conditional certification of a collective action under the FLSA, pursuant to 29 U.S.C. § 216(b); (2) approval of the proposed FLSA notice and consent form; (3) an Order requiring production of information regarding the defendants' covered employees; and (4) an Order requiring dissemination of the notice and consent form.

For the reasons set forth below, this Court grants plaintiff's motion in part and denies it in part.

<u>FACTUAL BACKGROUND</u>

Plaintiff Feng Cai Wang alleges that, from on or about July 2017 through August 2019 and then again from June 2, 2020 until August 10, 2020, she was employed as a pastry chef at Shanghai You Garden Dumpling House, located at 135-33 40th Road, Flushing, N.Y. (Compl.[1] ¶¶ 54, 56, 58).  From September 2019 through January 15, 2020, plaintiff alleges that she was employed at Shanghai You Garden, located at 41-07 Bell Boulevard, Bayside, New York (<u>Id.</u> ¶¶ 54, 57).

Plaintiff alleges that corporate defendants Shanghai You Garden, Inc., You Garden Inc., and You Garden Dumpling Inc., all doing business as Shanghai You Garden Dumpling House, were domestic business corporations, operating a Chinese restaurant specializing in Shanghainese cuisine, with a principal place of business and registered address for service at 135-33 40th Road, in Flushing, New York (<u>Id.</u> ¶¶ 8, 9, 10).  The corporate defendants You Garden Xiao Long Bao Inc., d/b/a Shanghai You Garden, and Dumpling Times Inc. are alleged to be domestic corporations with their principal place of business located at 41-07 Bell

---

[1] Citations to "Compl." refer to plaintiff's Amended Complaint filed on November 30, 2020, ECF No. 22.

2

Boulevard, Bayside, New York, where they operated a Chinese restaurant called "Shanghai You Garden." (Id. ¶¶ 11-12).  Defendant Golden Roast Inc. is a domestic corporation, located at 135-24 40th Road, Flushing, N.Y. and 5124 8th Avenue, Brooklyn, New York, operating a Chinese restaurant called "Corner 28." (Id. ¶13).  Defendant Roast 28 Inc. is also a domestic corporation with its principal place of business located at 5124 8th Avenue, Brooklyn, NY 11220, where it also operates a Chinese restaurant called "Corner 28." (Id. ¶15).  Defendant Gao and Yuen 28 LLC is a limited liability company located at 2143 Batchelder Street, Brooklyn N.Y. (Id. ¶ 14).

The Complaint alleges that defendants Yuen Fan and Alan Gao are part owners of the corporate defendants with the authority to hire and fire employees, supervise work schedules, and determine rates and methods of payment for the employees working for the corporate defendants.  (Id. ¶¶ 16, 17, 20).  Defendant Shukwan Li is alleged to be the registered agent for service of process for Golden Roast Inc., who also had the authority to hire and fire employees, supervise work schedules, and determine employees' pay.  (Id. ¶ 23).  Defendants Xiaoyun Shang and Victoria Fan-Li are both alleged to be the registered agents for service on You Garden Xiao Long Bao, with the authority to control the employment conditions of the employees of the corporate defendants. (Id. ¶¶ 25, 28).  Defendant Xiu Feng Gao is the registered agent for Dumpling Times, alleged to have the authority to control the employment conditions of the employees of the corporate defendants, and defendant Yang Gao is alleged to be the alcoholic beverage control principal for Dumpling Times, and is also alleged to have the authority to hire and fire employees and control the conditions of their employment.  (Id. ¶¶ 30, 32).

Plaintiff alleges that the four restaurant locations are operated by defendants and coordinated from Yuen Fan's home at 2143 Batchelder Street in Brooklyn, and that the

restaurants share employees, with plaintiff being assigned to work at Shanghai You Garden
Dumpling House and Shanghai You Garden at various times during her employment.  (Id. ¶¶ 34,
40).  Plaintiff alleges that, during the period relevant to this lawsuit, the defendants were engaged
in interstate and foreign commerce and earned a gross annual revenue of over $500,000 per year.
(Id. ¶¶ 41, 42).  Plaintiff also claims that defendants employ up to 60 people at all four
restaurants "at any one time."  (Id. ¶¶ 41, 42, 45).  According to the Complaint, the corporate
defendants constitute enterprises within the meaning of the FLSA, and all defendants qualify as
plaintiff's "employer," as that term is defined by both the FLSA and the NYLL.  (Id. ¶¶ 11, 12,
16, 17).

Plaintiff alleges that from in or about July 2017 and January 16, 2020, she worked
continuously for defendants as a pastry chef at Shanghai You Garden Dumpling House in
Flushing and at Shanghai You Garden in Bayside, except for the periods of March 2018 through
May 20, 2018, and January 25, 2019 through March 10, 2019, when she was in China.  (Id. ¶¶
54, 55).  She also missed work between "December 4, 2020"[2] and January 16, 2020, when she
was hospitalized. (Id. ¶ 55).

According to the Amended Complaint, plaintiff worked at Shanghai You Garden
Dumpling House from July 2017 through August 2019, and then from June 2, 2020 through
August 10, 2020.  (Id. ¶¶ 56, 58).  Plaintiff alleges that during the time that she worked at
Shanghai You Garden Dumpling House, she worked the late shift seven out of ten weeks and the
middle shift three out of ten weeks.  (Id. ¶¶ 59, 60).  When she worked the late shift, plaintiff
claims that she worked from 11:00 a.m. to 10:00 p.m., 11 hours per day, 6 days per week for a

---

[2] It appears that this date may be in error.  It is likely meant to be December 4, 2019.

total of 66 hours per week. (Id. ¶ 61).  When she worked the middle shift, she also worked 66

hours per week, but her hours ran from 9:30 a.m. until 8:30 p.m. (Id. ¶ 62).  During the time that

plaintiff worked at Shanghai You Garden, she worked the early shift, but also worked 11 hours a

day, 6 days a week, for a total of 66 hours per week.  (Id. ¶ 63).

   She alleges that she was not given regular fixed meal breaks and was on call during her

meals.  (Id. ¶¶ 65, 66).  She also claims that she was required to record her time using a time

clock, but, nevertheless, she always received a flat rate of pay that did not include overtime or

spread-of-hours pay.  (Id. ¶ 67).  From July 2017 through September 2017, plaintiff was paid a

flat rate of $2,600 per month; from October 2017 through December 2017, the rate of pay was

$2,800 per month.  (Id. ¶¶ 69, 70).  From January 2018 through February 2018, the rate rose to

$2,900 per month, rising again in May 2018 to $3,000 per month.  (Id. ¶¶ 71, 72).  Beginning in

October 2018, the pay rate increased to $3,100 per month, only to increase again at the beginning

of the January 2019[3] to $3,300 per month.  (Id. ¶¶ 73, 74).  She was paid at this rate of $3,300

from January 2019 until January 2020, and then from June 2020 through August 2020.  (Id. ¶¶

74, 75).

   Plaintiff alleges that she was paid through a combination of checks and cash (id. ¶ 80),

and that, beginning in 2018, when she was paid once every two weeks, instead of weekly, she

would receive two checks, one for each week, plus cash.  (Id. ¶¶ 77, 81).  Although she was

given paystubs with her checks, they did not reflect the amounts that she was paid in cash.  (Id. ¶

82).  Plaintiff alleges that defendants failed to pay minimum wages in violation of Section 652 of

---

[3] The Amended Complaint lists this date as January 2018, which contradicts earlier paragraphs in the Complaint.
Based on the other paragraphs in the Amended Complaint, it seems as if this date was meant to be January 2019, as
written in the body of this Order.

the NYLL and Section 142-2.1 of the Wage Order (Count I); failed to pay overtime wages in

violation of the FLSA and NYLL (Counts II and III); failed to pay spread of hours in violation of

the NYLL (Count IV); and failed to furnish wage notices and wage statements in violation of the

NYLL (Counts V and VI).  Plaintiff brings these claims on behalf of all other current and former

non-exempt workers employed by defendants over the six years preceding the filing of the

Complaint.  (Id. ¶ 84).

By Notice of Motion filed on May 26, 2021, plaintiff now seeks an Order for conditional

certification of a collective action under the FLSA, along with Court authorized Notice and an

Order requiring defendants to disclose contact information for potential opt-in plaintiffs.

DISCUSSION

I.   Conditional Collective Action Certification

A.  Legal Standard for Conditional Certification Under FLSA Section 216(b)

Under the FLSA, in order to prevent "labor conditions detrimental to the maintenance of

the minimum standard of living necessary for health, efficiency, and general well-being of

workers," employers are required to compensate covered employees for all work performed,

including overtime.  29 U.S.C. §§ 202(a), 207(a)(1); see also Reich v. New York City Transit

Auth., 45 F.3d 646, 648-49 (2d Cir. 1995) (citations omitted).  Pursuant to Section 216(b) of the

FLSA, an employee may bring an action "'to recover unpaid overtime compensation and

liquidated damages from employers who violate the Act's overtime provisions.'"  Gjurovich v.

Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (quoting Hoffman v.

Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997)).

Under the statute, an employee may bring a collective action "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, unlike a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, a collective action brought under the FLSA may be brought only on behalf of those employees who affirmatively "opt in" by giving consent in writing to become a party to the action. Id.; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 103-04; see also Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005).

Courts use a two-step analysis to determine whether certification of a collective action under the FLSA is appropriate. See Castro v. Spice Place, Inc., No. 07 CV 4657, 2009 WL 229952, at *2 (S.D.N.Y. Jan. 30, 2009). The first step involves "looking to the pleadings and affidavits to determine whether plaintiffs have satisfied 'the minimal burden of showing that the similarly situated requirement is met.'" Id. (quoting Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)). To meet this burden, "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. at 261). The standard for approval under Section 216(b) is "'considerably less stringent'" than the requirements for class certification under Federal Rule of Civil Procedure 23. Avila v. Northport Car Wash, Inc., 774 F. Supp. 2d 450, 454 (E.D.N.Y. 2011) (quoting Rodolico v. Unisys Corp., 199 F.R.D. 468, 481 (E.D.N.Y. 2001)).

"Although the Second Circuit has yet to prescribe a particular method for determining whether members of a putative class are similarly situated, district courts in this circuit look to the '(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification to the class.'" Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008) (quoting Guzman v. VLM, Inc., No. 07 CV 1126, 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007)).

"The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the class members are 'actually similarly situated.'" Avila v. Northport Car Wash, Inc., 774 F. Supp. 2d at 454 (quoting Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009)) (internal quotation marks omitted). "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." Bifulco v. Mortgage Zone, Inc., 262 F.R.D. at 212 (quoting Hens v. ClientLogic Operating Corp., No. 05 CV 381S, 2006 WL 2795620, at *4 (W.D.N.Y. Sept. 26, 2006)) (internal quotation marks omitted).

If plaintiffs meet the "fairly lenient standard" required by the first step in the analysis, the court will typically grant "conditional certification" and authorize notice to potential plaintiffs. See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. at 367. Although the statute has no specific provision for issuing such notice, the Supreme Court in Hoffman-LaRoche Inc. v. Sperling held that it was appropriate for courts to authorize such notice under the FLSA in order to serve the "broad remedial goal" of the Act. 493 U.S. 165, 171-173 (1989); see also Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 335-36 (2d Cir. 1978) (holding that a

8

district court "has the power to order that notice be given to other potential members of the plaintiff class under the 'opt-in' provision of the [FLSA]"); Hoffman v. Sbarro, Inc., 982 F. Supp. at 261, n.15.  The burden is significantly less than that required to sustain a class certification motion under Rule 23 because the FLSA's opt-in provision merely provides an opportunity for potential plaintiffs to join the action and is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated.  See Patton v. Thomson Corp., 364 F. Supp. 2d at 267; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 104.  After discovery, the court then looks at the record again to "'make[] a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified.'"  Castro v. Spice Place, Inc., 2009 WL 229952, at *2 (quoting Lee v. ABC Carpet & Home, 236 F.R.D. at 197).  Accordingly, the Court's analysis focuses on whether plaintiffs are similarly situated to the putative class members.

    B.  <u>Analysis</u>

       1.  <u>Class certification.</u>

In moving for conditional certification, plaintiff has submitted an affidavit setting forth her places of work, her work schedule, and pay information for the period of her employment with defendants.  (See generally Pl.'s Aff.[4]).  She states in her Affidavit that she was not paid overtime for all her overtime work; she was not given a wage statement with the information required by law; and she was not compensated for spread-of-hours pay for the days she worked

---

[4] Citations to "Pl.'s Aff." refer to the Affidavit of Feng Cai Wang in Support of Plaintiff's Motion for Conditional Collective Certification, dated November 23, 2020, ECF No. 43-5.

more than 10 hours in a day.  (Id.  ¶¶ 30, 31, 32).  She further asserts that, during her

employment, she "befriended some co-workers and talked with them about work," and she

claims to know, based on these conversations and observations made while employed by

defendants, that her co-workers were also subjected to the same pay practices in that they were

not paid overtime and minimum wages.  (Id. ¶ 33).  She lists categories of workers that she

claims suffered the same wage and hour violations, including pastry chefs, waiters, recipients,[5]

dim sum chefs, steamers, and deliverymen.  (Id.)  She asserts that there are 10 waiters, two

recipients, one packer, two deliverymen, 10 or more kitchen workers and about 15 pastry chefs,

steamers, and dim sum chefs at the Flushing location and about 10 waiters, 10 or more kitchen

workers, 10 or more pastry chefs, steamers and dim sum chefs, along with two recipients and one

deliveryman at the Bayside location.  (Id. ¶¶ 35, 36).  She observed that other employees were

shared between the Bayside and Flushing locations.  (Id. ¶ 37).  In her Affidavit, plaintiff

identifies ten individual co-workers, and describes their pay and hours worked.  (Id. ¶¶ 40-88).

These individuals worked in defendants' Flushing and Bayside restaurants as pastry, dim sum,

and steamer chefs.  (Id.)

Plaintiff asserts that she has satisfied her "modest factual showing" that there are

similarly situated employees who, along with plaintiff, "together were victims of a common

policy or plan that violated the law."  (Pl.'s Mem.[6] at 9 (quoting Myers v. Hertz Corp., 624 F.3d

537 (2d Cir. 2010)).  Plaintiff contends that courts have found a single plaintiff's affidavit to be

sufficient to satisfy this burden.  (Pl.'s Mem. at 10 (citing Hallissey v. America Online, Inc., No.

---

[5] She does not indicate what a "recipient" does.
[6] Citations to "Pl.'s Mem." refer to plaintiff's memorandum of law, dated May 26, 2021, filed in support of
plaintiff's motion for class certification, ECF No. 44.

99 CV 3785, 2008 WL 465112, at * 1 (S.D.N.Y. 2008), and Qing Tian Zhuo v. Jia Xing 39th

Inc., No. 14 CV 2848, 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015))).  She also claims that

she has not only provided a detailed description of her own hours and pay, but she has also

described her co-workers' hours and pay.  (Id. at 12 (citing Pl.'s Aff. ¶¶ 33, 37-39, 44, 50, 56, 74,

83, 88)).

According to plaintiff, the Court should conclude based on her submissions that all

employees who worked at defendants' businesses worked similar schedules to hers, that all were

paid on a flat monthly rate or base pay with tips, and that all worked over 40 hours in a week but

were not paid overtime.  (Id. at 12-13).  Thus, she asserts that she has demonstrated that she and

the other similarly situated employees were victims of a common policy or plan in violation of

the law and, therefore, certification of a class that encompasses all the employees at each of the

defendants' restaurants is warranted.  (Id.)

Defendants have submitted a Memorandum of Law in Opposition to Plaintiff's Motion

for Conditional Certification ("Defs.' Opp."),[7] in which they argue that plaintiff has failed to

provide sufficient evidentiary support for her claim that there are similarly situated employees.

Defendants contend that plaintiff has failed to show a "factual nexus" between herself and other

individuals who worked as kitchen staff, dim sum chefs, steamers, delivery workers, or waiters,

and that she has also failed to establish that she is similarly situated to any employees who

worked outside of the restaurants where she was employed.  (Id. at 6-7).  Although plaintiff has

identified seven pastry chefs, two dim sum chefs, and a steamer chef, and provided varying

degrees of information regarding each of those individuals, including names, physical

_____

[7] Filed on July 2, 2021, ECF No. 46.

11

descriptions, places of employment, hours worked and, in some instances, wages paid, defendants contend that plaintiff has failed to provide "the minimum level of detail required in order to certify a collective," and thus her motion must be denied.  (Id. at 12 (citing Yang v. Asia Mkt. Corp., No. 17 CV 6886, 2018 WL 2227607, at *2 (S.D.N.Y. Apr. 3, 2018)).

Defendants cite cases where courts denied conditional certification because, although the plaintiffs' motions were based on conversations with other employees, the plaintiffs failed to provide any details about how these conversations supported their claims.  (Id. at 8 (citing Ji v. Jing Inc., No. 15 CV 4194, 2016 WL 2939154, *5 (E.D.N.Y. May 19, 2016); Sanchez v. JMP Ventures, L.L.C., 2014 WL 465542 *2 (S.D.N.Y. Jan. 27, 2014))).  Specifically, defendants complain that plaintiff's affidavit is deficient in that it fails to detail when and where she learned that others were similarly situated.  (Id. at 9.)  They also note that none of the identified employees have submitted their own testimony in support of plaintiff's claims.  (Id. at 11-12.)

Contrary to defendants' assertions, however, plaintiff does identify the dates and circumstances under which at least some of the conversations upon which she bases her claim took place.  (See Pl.'s Aff. ¶ 40-88.)  She has also provided detail regarding the locations where certain employees worked and the hours that they worked and the amounts that they were paid.  (Id.)  Unlike the plaintiffs in most of the cases cited in defendants' opposition papers, plaintiff has provided detailed information that goes beyond mere "conclusory statements."  Cf. Yang v. Asia Mkt. Corp., 2018 WL 2227607, at *2 (denying class certification where plaintiff's affidavit was "extraordinarily general and vague" and failed to "mention a single specific conversation that she had with coworkers about [d]efendants' compensation practices"); Ji v. Jling Inc., 2016 WL 2939154, at *4 (denying class certification where plaintiff's attestations about coworkers

were limited to their rates of pay, but did not include that any other similarly situated employees worked overtime hours); <u>Sanchez v. JMP Ventures, L.L.C.</u>, No. 13 CV 7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying class certification where the plaintiff claimed to have knowledge regarding other employees' hours and pay through observations and conversations, but failed to provide "*any* detail as to a *single* such observation or conversation") (emphasis in the original).

Courts have consistently held that a plaintiff's affidavit alone is sufficient to justify certification of a class.  <u>Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.</u>, No. 12 CV 265, 2012 WL 1981507, at * 1 (S.D.N.Y. June 1, 2012) (granting conditional certification where plaintiff's declaration alleged that those "who performed work similar to hers" were "paid less than the statutory minimum wage"); <u>Iriarte v. Redwood Deli & Catering, Inc.</u>, No. 07 CV 5062, 2008 WL 2622929, at *3 (E.D.N.Y. June 30, 2008) (granting conditional certification where plaintiff submitted an affidavit indicating that other individuals did not receive the wages to which they were legally entitled, though he had not identified any other employees who sought to opt in); <u>Bowens v. Atlantic Maint. Corp.</u>, 546 F. Supp. 2d 55, 82-83 (E.D.N.Y. 2008) (finding a single plaintiff's affidavit attesting that all workers that held his position were required to work unpaid overtime hours sufficient to warrant class certification).  In addition, "[w]hile part of [p]laintiff's basis of knowledge is hearsay, the Court may consider hearsay in deciding a motion for conditional certification." <u>Chang Yan Chen v. Lilis 200 W. 57th Corp.</u>, No. 19 CV 7654, 2021 WL 135248, at *4 (S.D.N.Y. Jan. 14, 2021).  Therefore, even though no one else has opted into this action at this time or supplied a complementary affidavit, that is not a sufficient basis to deny conditional certification.

Yang Gao denies that the restaurants where he worked as General Manager and where plaintiff was employed violated federal or New York labor laws.  (Decl. Yang Gao[8] ¶¶ 1, 20, 28-31).  The Court will not pass on the merits of these arguments at this time.  Courts have held that defendants "may not defeat a court's determination that [p]laintiffs are similarly situated by submitting their own affidavits."  Colon v. Major Perry Street Corp., No. 12 CV 3788, 2013 WL 3328223, at *5 (S.D.N.Y. July 2, 2013) (citation omitted); see also Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 407 n.6 (S.D.N.Y. 2012) (declining to consider competing declarations from defendants as "courts in this Circuit regularly conclude that such declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process") (citation omitted).  Whether plaintiff can sustain her burden of proving that defendants violated the FLSA is a question that is not properly before this Court on a motion for collective action certification.  See Damassia v. Duane Reade, Inc., No. 04 CV 8819, 2006 WL 2853971, at *2 (S.D.N.Y. Oct. 5, 2006) (holding that courts "need not resolve the merits in order to find plaintiffs and potential opt-in plaintiffs similarly situated for purposes of authorizing notice"); Laroque v. Domino's Pizza, 557 F. Supp. 2d at 354 (holding that "the merits of plaintiffs' claim are not at issue in a motion for conditional certification"); see also Jason v. Falcon Data Com, Inc., No. 09 CV 3990, 2011 WL 2837488, at *5 (E.D.N.Y. July 18, 2011).  As the Court stated earlier, if, after discovery, plaintiff has not provided sufficient evidence that a violation has occurred, the class may be de-certified at that time.

---

[8] Citations to "Decl. Yang Gao" refer to Yang Gao's declaration, ECF No. 47-1, which is attached as Exhibit A to the declaration of defense counsel Yale Pollack, which was filed on July 2, 2021.  Citations to Yale Pollack's declaration, ECF No. 47, will be referred to as "Pollack Decl."

At this stage, where the court must "draw all inferences in favor of the [plaintiff]," Mendoza v. Ashiya Sushi 5, Inc., No 12 CV 8629, 2013 WL 5211839, at *4 (S.D.N.Y. Sept. 16, 2013), the Court finds that plaintiff has met the minimal burden of showing that there are at least some similarly situated employees who may have been victims of a common policy or practice that violated the FLSA's minimum wage and overtime requirements.

### 2.  Limiting the Class

"Courts in this Circuit often restrict the scope of a proposed collective or deny conditional certification because of a failure to identify other co-workers by name and title, provide the specifics of conversations with those employees, or note details of other employees' working conditions and hours."  Taveras v. D & J Real Estate Mgmt. II, LLC, 324 F.R.D. 39, 45 (S.D.N.Y. 2018) (collecting cases); Monzano-Moreno v. Libqual Fence Co., No. CV 18161, 2019 WL 1333264, at *6 (E.D.N.Y. Mar. 25, 2019) (denying class certification where plaintiff failed to provide details regarding the conversations or observations that plaintiff claimed warranted class certification); Placinta v. Grazina Pilka, Inc., 2018 WL 5024170, at *11 (granting conditional class certification only for those classes of employees for which plaintiff supplied corroborating evidence and denying certification for all other classes).

The fact that potential opt-in plaintiffs may have worked "at different locations" and performed "somewhat different duties" is not a bar to conditional class certification, and "[c]ourts routinely authorize notice in FLSA actions" where common policies dictate employees' pay across businesses.  Grant v. Warner Music Grp. Corp., No. 13 CV 4449, 2014 WL 1918602, at *7 (S.D.N.Y. May 13, 2014); see, e.g., Placinta v. Grazina Pilka, Inc., 2018 WL 5024170, at *10-12 (conditionally certifying servers and bussers employed at three restaurants, two of which

shared employees); <u>Kucker v. Petco Animal Supplies Stores, Inc.</u>, No. 14 CV 9983, 2016 WL 237425, at *11 (S.D.N.Y. Jan. 19, 2016) (finding conditional class certification appropriate for Petco pet groomers that worked in different stores in different states).  Plaintiffs must still demonstrate that employees working at various locations are bound by a common policy, however.  <u>Hamadou v. Hess Corp.</u>, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013); <u>see also</u> <u>Guaman v. 5 M Corp.</u>, No. 13 CIV. 03820 LGS, 2013 WL 5745905, at *3 (S.D.N.Y. Oct. 23, 2013) (denying plaintiff's request to extend class certification to the employees of two of four restaurants, where plaintiff failed to provide sufficient evidence that all four restaurants shared common employment policies, and defendants provided affidavits indicating that the restaurants did not); <u>Castro v. Spice Place, Inc.</u>, 2009 WL 229952, at *3 (denying plaintiff's motion for conditional certification where plaintiff failed to show that defendant restaurants shared a common policy).

In her Reply Memorandum, plaintiff argues that she has sufficiently alleged that all non-tipped employees at both Bayside and Flushing locations were paid on the same day and received the same flat monthly pay without overtime; that all the tipped employees relied on their tips because their base pay was low; and that all the non-exempt employees were paid a flat base pay and were not compensated for overtime.  (Pl.'s Reply[9] at 9).  She contends that, apart from her FLSA claims, she has established a common nexus between herself and the putative class members, relying on her allegations regarding NYLL wage violations and the lack of a

_____

[9] Citations to "Pl.'s Reply" refers to Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion for (1) Conditional Certification Pursuant to the Fair Labor Standards Act[;] (2) Court-Authorized Notice to Similarly Situated Individuals; and (3) Disclosure of Contact Information for Notice to Potential Opt-Ins, filed on July 2, 2021, ECF No. 48.

lunch break.  (Pl.'s Reply at 9-10).  Plaintiff also disputes the relevance of the fact that the putative class consists of employees with different job duties, citing Raniere v. Citigroup Inc., 827 F. Supp. 2d 294, 323 (S.D.N.Y. 2011), rev'd on other grounds, 533 F. App'x 11 (2d Cir. 2013) (holding that the question is "not whether [the] [p]laintiffs and potential opt-in members are] identical in all respects, but rather whether they were subjected to a common policy"); see also Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2010) (holding that "'under Section 216(b) parties may be similarly situated, despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice'").

Although plaintiff asserts that she learned through discussions with co-workers and on-the-job observations that all classes of defendants' employees were undercompensated, she only references specific conversations relating to pay received by pastry, dim sum, and steamer chefs, and only identifies individuals that held these jobs.  Moreover, while she claims that tipped employees received a "low" base pay, she fails to indicate how many hours these employees worked, who they were, or specifically how she came to learn this information.  (See Pl.'s Aff. ¶¶ 38-39).  Thus, plaintiff has failed to support her claims regarding the pay received by deliverymen, recipients, waiters, kitchen workers, or any other classes of defendants' employees other than pastry, dim sum, and steamer chefs.

Similarly, plaintiff has failed to submit any evidence at all indicating that all the restaurants identified in the complaint shared common policies.  Plaintiff has identified four restaurants in the complaint: (1) Shanghai You Garden Dumpling House, located at 135-33 40th Road, Flushing, NY 11354; (2) Shanghai You Garden, located at 41-07 Bell Boulevard, Bayside,

NY 11361 (the "You Garden Restaurants"); (3) Corner 28, located at 135-24 40th Road, Flushing, NY 11354; and (4) Corner 28, located at 5124 8th Avenue, Brooklyn, NY 11220 (the "Corner 28 Restaurants").  (Compl. ¶¶ 8-15).  Plaintiff has only provided specific facts regarding the policies in force at the You Garden Restaurants and limited her claim that the defendants shared employees to those two restaurants.  Plaintiff has failed to provide any specific information at all regarding the policies or practices employed at the Corner 28 Restaurants, nor has she identified a single employee that worked at those restaurants.

In fact, defendants Yang Gao, Shukwan Li, Xiao Y. Shang, and Victoria Fan have all submitted declarations to the Court contesting the connections between the You Garden Restaurants and the Corner 28 Restaurants.  (See Pollack Decl.[10] at 1).  Yang Gao is the General Manager of the You Garden Restaurants, and is responsible for their operations, including marketing, managing employees' performances, and "other employment issues." (Decl. Yang Gao ¶¶ 1, 10).  He claims that he is unaware of "what policies or practices" the Corner 28 Restaurants employ.  (Id. ¶¶ 10, 19).  Moreover, the You Garden Restaurants "have no role in payroll calculations, payroll processing, or payment for work in connection with" the Corner 28 Restaurants, and they do not share common ownership or employees.  (Id. ¶¶ 17-18).  The You Garden Restaurants are simply not "affiliated" with the Corner 28 Restaurants. (Id. ¶ 8, 11-12).

Defendant Shukwan Li affirms that the Corner 28 restaurant located at 135-24 40th Road and You Garden Restaurants are unaffiliated and do not share employees or a common management or ownership structure.  (Decl. Shukwan Li[11] ¶¶ 1-7, 9).  Moreover, "[a]t no point"

---

[10] See supra note 7.
[11] Citations to "Decl. Shukwan Li" refer to Shukwan Li's declaration, which is attached as Exhibit A to Pollack Decl., ECF No. 47-2.

has that Corner 28 restaurant employed plaintiff.  (Id. ¶ 8).  Roast 28, Inc., which plaintiff claims owns and operates the 5124 8th Avenue Corner 28 restaurant, has failed to appear in this action (Compl. ¶ 15; Def.'s Opp. 1 n.1), and no one from that company has submitted a declaration. Review of this case's docket confirms that Roast 28 Inc. is unrepresented and has not filed an answer.

Defendant Xiao Y. Shang declares that You Garden Inc. is not a restaurant, has no employees, and has never employed plaintiff.  (Decl. Xiao Y. Shang[12] ¶¶ 2-4).  In fact, according to Xiao Y. Shang, You Garden Inc. has never operated "at any capacity," and no longer exists. (Id. ¶¶ 5-6).  Yang Gao claims that plaintiff "never worked" for Dumpling Times Inc., which he defines merely as a "corporation" and which he excludes from the list of restaurants for which he serves as General Manager.  (Id. ¶¶ 6, 14, 16).  Similarly, Gao and Yuen 28 LLC is "a holding company" for the You Garden Restaurants, not a restaurant, and it has no employees.  (Id. ¶ 9). Victoria Fan corroborates that Gao and Yuen 28 LLC is a holding company, not a restaurant, and has no employees.  (Decl. Victoria Fan[13] ¶¶ 1-5).

Plaintiff has failed to provide sufficient information to extend the class to include all of defendants' current and former employees.  Moreover, plaintiff has failed to provide any reason to believe that the Corner 28 Restaurants share common policies and practices with the You Garden Restaurants where plaintiff was employed.  Thus, the collective action should be limited to employees who worked as pastry, dim sum, and steamer chefs in the You Garden Restaurants.

---

[12] Citations to "Decl. Xiao Y. Shang" refer to Xiao Y. Shang's declaration, which is attached as Exhibit A to Pollack Decl., ECF No. 47-3.
[13] Citations to "Decl. Victoria Fan" refer to Victoria Fan's declaration, which is attached as Exhibit A to Pollack Decl., ECF No. 47-4.

II.    Notice and Discovery of Contact Information

Plaintiff has submitted a proposed Court Authorized Notice of 29 U.S.C. § 216(b)

Collective Action ("Notice") for putative class members and requests that the Court approve the

Notice.  (Proposed Notice attached as Ex. 3 to Troy Decl.[14]).  Plaintiff asks that the Notice be

disseminated in "any relevant language, via mail, email, text message, or social media group and

individual chat and posts, to all potential members of the collective" action.  (Pl.'s Mem. at 17).

Plaintiff further requests that the Court authorize the posting of the Notice on conspicuous

locations in defendants' restaurants and to include the Notice in the employees' pay envelopes or

other means of delivering their paychecks.  (Id. at 19-20).  Moreover, plaintiff asks that the

Notice be placed on plaintiff's counsel's website.  (Id. at 19).

Plaintiff also seeks discovery of the names and contact information of the potential

collective action members.  (Id. at 14-16).  In addition to the discovery of the names and

addresses of similarly situated employees, which is routinely granted, see, e.g., Lee v. ABC

Carpet & Home, 236 F.R.D. at 201-02; Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d

317, 324 (S.D.N.Y. 2007); Patton v. Thomson Corp., 364 F. Supp. 2d at 268, plaintiff requests

that defendants provide plaintiff with a Microsoft Excel file containing contact information

"including[,] but not limited to," potential opt-in plaintiffs' last known mailing addresses,

telephone numbers, email addresses, WhatsApp, WeChat and Facebook usernames, work

locations, dates of employment, and positions for all non-managerial employees who worked for

defendants, if available.  (Pl.'s Mem. at 15).

---

[14] Citations to "Troy Decl." refer to the declaration of plaintiff's counsel John Troy, ECF No. 43, which was filed in
support of plaintiff's class certification motion on May 26, 2021.

A.  Form and Content of the Notice

Defendants object to the current form and content of the proposed Notice.  (Defs.' Opp.

at 16).  Defendants seek to modify the proposed Notice to explain that those who join the class

may be required to pay costs if they do not prevail.  (Defs.' Opp. at 17 (citing Hallissey v.

America Online, Inc., 2008 WL 465112, at *4)).  Defendants not only propose a lengthy

paragraph warning that class members may have to produce tax records, submit to depositions,

testify at trial, and that they may be responsible for attorneys' fees and costs if their claims are

denied, but they also seek to include language in the Notice explaining that defendants dispute

plaintiff's wage claims and do not believe that plaintiff has demonstrated the elements necessary

to establish a collective action.  (Defs.' Opp. at 17-18).

Defendants also object to plaintiff's request to include language in the Notice advising

the prospective collective members of the anti-retaliation clause of the FLSA.  (Id. at 18).

Defendants argue that the Notice should not "be a vehicle for communicating proscribed conduct

for the purpose of prompting recipients to attempt to expand the underlying lawsuit."  (Id.)

Moreover, defendants seek to have defendants' counsel's names and contact information

included alongside the information provided for plaintiff's counsel.  (Id. at 21).

The Notice as proposed by plaintiff currently includes the following language:  "While

this lawsuit is pending, as part of the discovery process, you may be asked to provide documents

or information relating to your employment with [d]efendants, which may include responding to

written questions or answering questions in person under oath, either before or at trial."  (Notice

at 3).  This language has been found sufficient to advise potential opt-in plaintiffs of their

obligations.  See, e.g., Cheng v. Via Quadronno LLC, No. 20 CV 8903, 2021 WL 4319569, at *7

21

(S.D.N.Y. Sept. 23, 2021).  In addition, while some courts have found that it was appropriate to

include language in the notice regarding the costs that plaintiffs might face if they do not prevail,

see, e.g., Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 61 (E.D.N.Y. 2011) (holding that

defendant's request that potential plaintiffs be informed that they might be required to pay costs

if they did not prevail was "reasonable"); Hallissey v. American Online, Inc., 2008 WL 465112,

at *4 (ordering the notice to include that the plaintiffs might be required to "pay costs if they do

not prevail"), this Court finds defendants' proposed language threatening the imposition of costs

to be inappropriate.  See Bittencourt v. Ferrara Bakery & Cafe Inc., 310 F.R.D. 106, 117

(S.D.N.Y. 2015); Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451

(S.D.N.Y. 2011) (citing Guzman v. VLM, Inc., No. 07 CV 1126, 2007 WL 2994278, at *8

(E.D.N.Y. Oct. 11, 2007) (rejecting similar language because it "may have an in terrorem effect

that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in

any significant degree")).

The Notice already contains language indicating that "Defendants deny these

allegations," referring to the specific claims that plaintiff raises regarding defendants' alleged

violations of the FLSA.  (Notice at 3).  Thus, the additional language that defendants propose

regarding their denial of the allegations is unnecessary.

The Court has also reviewed the anti-retaliation language in the proposed Notice.  The

specific language in the Notice proposed by plaintiff is as follows:

> Can Defendants and/or my current employer retaliate or fire me if I
> join the lawsuit? No.  It is a violation of federal law for Defendants
> to fire, discipline, or in any manner discriminate or retaliate against
> you for taking part in this lawsuit.

(Notice at 3). Contrary to defendants' argument, this language is not a call to potential opt-in plaintiffs to expand the claims in the lawsuit. Rather, it informs potential opt-in plaintiffs of their right under the law to be free from retaliation from their employer if they decide to participate in the action. This is a legitimate concern raised by many employees who fear the loss of their job if they join such an action, particularly given that there are many instances where employers— despite the anti-retaliation provisions of the law—use their superior bargaining power to intimidate employees into dropping their claims in exchange for less than the employee is entitled to. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 706-707 (1945) (describing the FLSA's primary purpose as being to compensate for the "unequal bargaining power as between employer and employee"); Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015) (same); Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (recounting an employee's testimony that she felt pressured to accept an employer's out-of-court settlement offer because "she was homeless at the time and needed money"); Guarnero-Ruiz v. 36-03 Food, LLC, No. 17 CV 3178, 2017 WL 7049543, at *10 (E.D.N.Y. Dec. 11, 2017) (describing how an employer took advantage of a plaintiff, who "bargained away a potential $60,000 claim for $4,000"). Accordingly, the Court finds that the proposed language serves a legitimate purpose and is reasonable. See Chang Yan Chen v. Lilis 200 W. 5th Corp., 19 CV 7654, 2021 WL 4369746, at *6 (S.D.N.Y. Jan. 14, 2021) (noting that "courts regularly include anti-retaliation provisions in these notices even where plaintiffs raise no specific allegations of retaliation") (quoting Hernandez v. Immortal Rise, Inc., No. 11 CV 4360, 2012 WL 4369746, at *9 (E.D.N.Y. Sept. 24, 2012)).

Plaintiff argues that defendants' counsel's contact information is unnecessary and that it would be confusing to include it in the Notice. (Pl.'s Reply at 17). Plaintiff cites Gao v. Umi Sushi Inc. to argue that the risk of improper contact between potential opt-ins and defendants' counsel is greater than any benefit that might be achieved by its inclusion. (Id. (citing 18 CV 6439 (ALC)(SN), Dkt. No. 38 (S.D.N.Y. March 21, 2019)). In that case, the court denied defendants' request to include contact information for their counsel "[b]ecause the Court cannot conceive of information that the potential opt-in plaintiff may seek that cannot be provided by contacting plaintiff's counsel or the former employer directly, and because communication between a potential opt-in and defense counsel may result in the inadvertent disclosure of material information or worse, an ethical violation." (Id.); see also Ling Chen v. Asian Terrace Rest., Inc., No. 19 CV 7313, 2020 WL 4041133, at *6 (E.D.N.Y. July 17, 2020) (excluding this information). For the reasons set forth in Gao, this Court finds that plaintiff's request to exclude defendants' counsel's contact information is "reasonable." Ling Chen v. Asian Terrace Rest., Inc., 2020 WL 4041133, at *6.

B. Opt-In Period

Defendants seek to limit the opt-in period to 60 days, instead of the 90-day period requested by plaintiff. (Defs.' Opp. at 16 (citing Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 452 (S.D.N.Y. 2011)). While many courts have found the 60-day period for opting in to be sufficient where the class is "relatively localized" and not "extremely large," Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 85 (E.D.N.Y. 2008); see, e.g., Pena v. SP Plus Corp., No. 20 CV 1370, 2021 WL 2250766, at *8 (S.D.N.Y. May 28, 2021); Guzelgurenli v. Prime Time Specials Inc., 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012), plaintiff explains that

24

she has "identified several foreign-born workers, who are apt to travel abroad for long periods of time and also to change jobs." (Pl.'s Reply at 11 (citing Fang v. Zhuang, No. 10 CV 1290, 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1, 2010))).

Not only are 90-day periods common in FLSA collective actions, see Cortes v. New Creators, Inc., No. 15 CV 5680, 2015 WL 70760009, at *6 (S.D.N.Y. Nov. 12, 2015), but during this pandemic, when many have been displaced from their homes and their jobs and all manner of once-mundane tasks have been complicated, a 90-day period is appropriate, especially given the remedial nature of the FLSA. Moreover, defendants have failed to make any showing that they will somehow be prejudiced if the putative class members are given an additional 30 days to respond to the Notice. See Roebuck v. Hudson Valley Farms, Inc., 239 F. Supp. 2d 234, 241 (N.D.N.Y. 2002). Accordingly, the Court approves the 90-day notice period requested by plaintiff.

C.   Disclosure of Potential Opt-In Plaintiffs' Information

Defendants object to plaintiff's request for phone numbers, email addresses, WhatsApp, WeChat and Facebook usernames, work locations, dates of employment, and positions for all non-managerial employees who worked for defendants, arguing that "[d]ue to privacy concerns," courts do not require production of this information until a large number of notices are returned as undeliverable. (Defs.' Opp. at 18 (citing Mohamed v. Sophie's Cuban Cuisine, Inc., No. 14 CV 3099, 2015 WL 5563206, at *5 (S.D.N.Y. Sep. 21, 2015)). In her Reply Memorandum, however, plaintiff cites cases that give the court wide discretion to order defendants to produce the contact information that plaintiff has requested. (Pl.'s Reply at 14 (citing Ji Li v. Ichiro Rest. Inc., No. 14 CV 10242, 2015 WL 6828056, at *5 (S.D.N.Y. 2015) (finding that, consummate

with the "broad remedial purposes of the FLSA," disclosure of the requested contact information was "appropriate"); <u>Zhenkai Sun v. Sushi Fussion Express, Inc.</u>, No. 16 CV 4840, 2018 WL 2078477, at *9 (E.D.N.Y. Jan. 2, 2018), <u>report and recommendation adopted,</u> No. 16 CV 4840, 2018 WL 1168578 (E.D.N.Y. Mar. 6, 2018); <u>Sanchez v. Salsa Con Fuego, Inc.</u>, No. 16 CV 473, 2016 WL 4533574, at *5 (S.D.N.Y. Aug. 24, 2016)).

 The Court directs defendants to provide the names and addresses, as well as any alternate addresses, telephone numbers, email addresses, work locations, and dates of employment that defendants have in their possession for all relevant pastry, dim sum, and steamer chefs.  <u>See Fasanelli v. Heartland Brewery, Inc.</u>, 516 F. Supp. 2d at 324 (requiring provision of email addresses); <u>Patton v. Thomson Corp.</u>, 364 F. Supp. 2d at 268 (requiring provision of employment dates).  While this Court recognizes the importance of digital social networks in modern systems of communication and the fact that courts are beginning to order the disclosure of this information for putative class members, <u>see, e.g.</u>, <u>Shangming Lu v. Diamond Nail Salon, LLC</u>, No. 19 CV 2017, 2021 WL 2515895, at *1 (D. Conn. June 18, 2021) (requiring defendants to produce social media handles, including WhatsApp username, WeChat ID, and Facebook usernames, if in their possession); <u>Chen v. Kicho Corp.</u>, No. 18 CV 7413, 2020 WL 1900582, at *9 (S.D.N.Y. Apr. 17, 2020) (same), requiring defendants to disclose employees' social media account information is premature at this time, as potential plaintiffs can likely be reached through mail, e-mail, or by text.  Should plaintiff struggle to contact potential opt-in plaintiffs either through mail, e-mail, or text, however, plaintiff may reapply for this information.

 It is unclear from plaintiff's submissions whether she seeks potential opt-in plaintiffs' social security numbers.  Regardless, defendants need not provide social security numbers at this

time due to privacy concerns.  See Hen v. ClientLogic Operating Corp., 2006 WL 2795620, at *5

(finding the "potential certified class members' interest in keeping such information confidential

is more important than facilitating [p]laintiffs' search for those members").  As with social media

information, should plaintiff struggle to contact potential members in the future, plaintiff may

request social security numbers at that time.  See Whitehorn v. Wolfgang's Steakhouse, Inc., 767

F. Supp. 2d at 448 (directing defendants to produce social security numbers after notices were

returned undeliverable, and after plaintiffs demonstrated that "names and contact information

[were] insufficient" to effectuate contact).

    D.  Dissemination of the Notice

       Plaintiff seeks to disseminate the Notice via mail, email, text message, or social media

group and individual chat and posts, to all potential members of the collective action.  (Pl.'s

Mem. at 17).  Plaintiff also contends that posting the Notice in employee common areas and

placing a copy of the Notice in the employees' paycheck envelopes furthers the likelihood that

employees will receive notice of the pendency of the lawsuit and is therefore justified.  (Id. at

15).  Moreover, several courts in this Circuit have allowed plaintiffs to post similar notices on

their counsel's websites.  (Id. at 17-18 (citing Ke v JR Sushi 2 Inc., 19 CV 7332, 2021 WL

465359 (S.D.N.Y. Feb. 9, 2021); Qiang Lu v. Purple Sushi Inc., 447 F. Supp. 3d 89, 97

(S.D.N.Y. 2020); Mei Rong Du v. Dingxiang Inc., No. 19 CV 11924, 2020 WL 7404984

(S.D.N.Y. Dec. 17, 2020)).

       Defendants argue that the Court should deny plaintiff's request to disseminate the Notice

through e-mail, text message, or over social media.  (Defs.' Opp. at 20).  According to

defendants, mailing the Notice via first-class mail is all that is necessary, and "any request for

publication of the Notice" in alternative ways "is premature, as there is no indication that [d]efendants will not be able to provide [p]laintiff with a targeted list of all potential opt-in plaintiffs, along with the appropriate contact information."  (<u>Id.</u>)

Defendants also object to posting the Notice, arguing that, before the Notice is posted, there first must be a showing that a "significant number of notices were returned as undeliverable."  (<u>Id.</u> at 19 (quoting <u>Garcia v. Spectrum of Creations Inc.</u>, 182 F. Supp. 3d 541, 551 (S.D.N.Y. 2015)).  In addition, defendants contend that posting the Notice in common areas will cause confusion among their employees and have a negative impact on their businesses' work environments.  (<u>Id.</u> at 19-20)  Defendants also oppose plaintiff's request that the Notice be included in potential opt-in plaintiff's paycheck envelopes, arguing that there is no support in this Circuit for disseminating notice in that fashion.  (<u>Id.</u> at 19-20)  In addition, according to defendants, plaintiff has failed to show that publication of the notice on plaintiff's counsel's website is necessary, and thus, given that "dissemination through a website is overbroad[,]" it "should be denied."  (<u>Id.</u> at 21 (citing <u>Mark v. Gawker Media LLC</u>, No. 13 CV 4347, 2014 WL 5557489, at *4 (S.D.N.Y. Nov. 3, 2014)).

Courts in this circuit have previously found that disseminating notice by mail as well as electronically, including by email and through text message, is appropriate.  <u>Yi Mei Ke v. JR Sushi 2 Inc.</u>, No. 19 CV 7332, 2021 WL 148751, at *14 (S.D.N.Y. Jan. 15, 2021), <u>sub nom.</u> <u>Ke v. JR Sushi 2 Inc.</u>, No. 19 CV 7332, 2021 WL 465359 (S.D.N.Y. Feb. 9, 2021) (collecting cases); <u>Petersen v. EmblemHealth, Inc.</u>, No. 20 CV 2568, 2020 WL 6390655, at *1 (E.D.N.Y. Oct. 27, 2020) (authorizing notice by text message).  Moreover, courts "routinely approve requests to post notice on employee bulletin boards and other common areas, even where

potential members will also be notified by mail." <u>Whitehorn v. Wolfgang's Steakhouse, Inc.</u>,

767 F. Supp. 2d at 449; <u>Abdulzalieva v. Advanced Domino, Inc.</u>, No. 21-CV-124 (BMC), 2021

WL 1648024, at *5 (E.D.N.Y. Apr. 27, 2021) (approving plaintiffs' request to post a similar

notice in defendants' supermarket).  This flows from the fact that posting notice in a defendant's

principal place of business "maximizes potential plaintiffs' opportunities to be informed of the

pendency of the litigation and consider whether to opt in." <u>Beaton v. Verizon New York, Inc.</u>,

No. 20 CV 672, 2020 WL 5819902, at *6 (E.D.N.Y. Sept. 30, 2020) (quoting <u>Wang v. H.B.</u>

<u>Rest. Grp., Inc.</u>, No. 14 CV 813, 2014 WL 5055813, at *6 (S.D.N.Y. Oct. 7, 2014)).

      Defendants' arguments against sending the Notice to individual potential opt-in plaintiffs

electronically are overblown, and their claim that posting the Notice will impede the operations

of their restaurants is unsupported by any evidentiary showing.  Bringing potential plaintiffs'

awareness to the suit in a variety of ways by mailing the Notice, sending it by e-mail and text,

and posting it on bulletin boards and in common areas within the You Garden Restaurants will

further the goal of providing notice of this lawsuit to potential opt-in plaintiffs, and is therefore

appropriate.  <u>Fa Ting Wang v. Empire State Auto Corp.</u>, 2015 WL 4603117, at *17; <u>Yi Mei Ke</u>

<u>v. JR Sushi 2 Inc.</u>, 2021 WL 148751, at *14; <u>Whitehorn v. Wolfgang's Steakhouse, Inc.</u>, 767 F.

Supp. 2d at 449 (granting plaintiffs' request to post notices where defendants failed to "explain

how posting would be . . . burdensome").  Electronic and varied means of disseminating notice

are especially apposite here, where at least some of the contemplated putative class may no

longer reside in the United States or may be temporarily abroad.  <u>Portilla v. Bridgehampton</u>

<u>Stone, Inc.</u>, No. 17 CV 2549, 2019 WL 1128364, at *10 (E.D.N.Y. Mar. 12, 2019) (finding

practical concerns relevant to the means of dissemination of notice and allowing plaintiff to send

notice via e-mail and text message in addition to regular mail, where plaintiff argued that many potential plaintiffs may have "changed residences" since their employment with the defendant ended).

The Court holds, however, that allowing plaintiff to message potential opt-in plaintiffs through social media applications is currently unnecessary given the other means of contacting potential plaintiffs that this Court has authorized.  Qian Xiong Lin v. DJ's Int'l Buffet Inc., No. 17 CV 4994, 2019 WL 5842798, at *5 (E.D.N.Y. Nov. 7, 2019) (finding that means of contacting potential plaintiffs other than through mailing and posting the notice "would be overbroad and not likely to materially improve the chances of notice").  Plaintiff may reapply to contact potential opt-in plaintiffs through social media, however, if the aforementioned means of contacting potential plaintiffs prove unavailing.

Similarly, plaintiff has failed to advance a compelling reason to post the Notice on plaintiff's counsel's website or on public social media groups in addition to the other forms of dissemination articulated above; and posting the Notice online on publicly accessible webpages might prejudice the defendants' businesses.  See Yi Mei Ke v. JR Sushi 2 Inc., 2021 WL 148751, at *15; Ni v. Red Tiger Dumpling House Inc, No. 19 CV 3269, 2020 WL 7078533, at *11 (E.D.N.Y. Nov. 30, 2020) (refusing to allow plaintiff to post notice on plaintiff's counsel's website in a similar case, where plaintiff failed to supply "any justification" for doing so); see also Qian Xiong Lin v. DJ's Int'l Buffet Inc., 2019 WL 5842798, at *5 (finding that posting on social media and websites has the potential to prejudice defendants in ways that mailing notice to potential plaintiffs and posting notice within defendants' places of business does not).  Thus,

30

plaintiff's request to post the Notice on counsel's website or publicly on social media websites is denied.

The Court further denies plaintiff's request to require defendants to place the Notice in employees' paycheck envelopes or other means of delivering employees' wages.  Courts in this Circuit have been wary of permitting this form of dissemination, as it "may suggest either that the notice originates with the employer or that filling it out may actually be required or expected by the employer."  Diaz v. New York Paving Inc., 340 F. Supp. 3d 372, 388 (S.D.N.Y. 2018).  Moreover, as defendants observe, there is a dearth of precedent supporting this form of notice.  Li Ni v. Red Tiger Dumpling House Inc., 2020 WL 7078533, at *12 (denying plaintiff's request to disseminate notice in pay envelopes or with paycheck information because the court could not "locate any Second Circuit decision to date which states or suggests that providing notice through pay envelopes may be an appropriate method of dissemination"); Chui v. American Yuexianggui of LI LLC, No. 18 CV 5091, 2020 WL 3618892, at *11 (E.D.N.Y. July 2, 2020).  If the Notice is sent directly to potential opt-in plaintiffs via regular mail, e-mail, and text and properly placed on bulletin boards and in common spaces in the designated restaurants, then supplying individual notices with potential opt-in plaintiffs' paychecks will be unnecessary.

E.  Reminder

Plaintiff requests that the Court enter an Order authorizing plaintiff to send a reminder mailing and email to all unresponsive potential opt-in plaintiffs halfway through the notice period.  (Pl.'s Reply at 17).  Several other courts in this Circuit have authorized such reminder notices and mailings on the theory that they promote the core purposes of the FLSA.  (Id. (citing Chhab v. Darden Restaurants, Inc., No. 11 CV 8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept.

20, 2013) (holding that, "[g]iven that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate"); <u>Mei Rong Du v. Dingxiang Inc</u>, 2020 WL 7404984, at *12); <u>see also Gervasio v. Wawa Inc.</u>, No. 17 CV 245, 2018 WL 385189, at *7 (D.N.J. Jan. 11, 2018) (ordering a reminder postcard to be issued halfway through the completion of the notice period)). Such reminder notices have been found to cause no prejudice to defendants and serve the purpose of "inform[ing] as many potential plaintiffs as possible of the collective action and their right to opt-in." <u>Morris v. Lettire Const., Corp.</u>, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012); <u>Gervasio v. Wawa Inc.</u>, 2018 WL 385189, at *18.  As such, the Court grants this request.

While plaintiff has asked to disseminate the Notice through text message and this Court has agreed that this is appropriate, plaintiff has failed to request that the reminder be sent via text message as well as by regular mail and e-mail.  Given that it would be arbitrary to allow plaintiff to remind potential opt-in plaintiffs by regular mail and e-mail but not by text message, plaintiff may also send a reminder by text message.  <u>Portilla v. Bridgehampton Stone, Inc.</u>, 2019 WL 1128364, at *10 (allowing a reminder to be sent by text message); <u>Cabrera v. Stephens</u>, No. 16 CV 3234, 2017 WL 4326511, at *12 (E.D.N.Y. Sept. 28, 2017) (same); <u>Martin v. Sprint/united Mgmt. Co.</u>, No. 15 CIV 5237, 2016 WL 30334, at *20 (S.D.N.Y. Jan. 4, 2016) (same).

F.  Notice Period

Defendants contend that the notice period should be limited to two years, as there is no evidence that the employers' conduct was willful.  (Defs.' Opp. at 24-25)  Plaintiff argues that where, as here, there has been no discovery, and where she has alleged willfulness, courts have found it prudent to certify a broader class that can be limited during the second phase of the

collective action certification process.  (Pl.'s Reply at 19 (citing Anglada v. Linens 'N Things, Inc., No. 06 CV 12901, 2007 WL 1552511, at *8 (S.D.N.Y. May 29, 2007)).

In Gaspar v. Personal Touch Moving, Inc., the court held that "where willfulness is disputed, it is appropriate to look to the three-year period in determining the scope of the collective action" in order to avoid any merit-based determination at such an early stage of the litigation.  No. 13 CV 8187, 2014 WL 4593944, at * 6 (S.D.N.Y. Sept. 15, 2014) (quoting Fasanelli, 516 F. Supp. 2d at 323).  The Court agrees and certifies the collective class for a three-year period.

Plaintiff contends that the three years should run from the date of the filing of Complaint. (Pl.'s Mem. at 20-21).  Although the statute of limitations for claims under the FLSA is two years unless extended for one additional year for willfulness, see 29 U.S.C. § 255(a); Herman v. RSR Sec. Servs., 172 F.3d 132, 141 (2d Cir. 1999), some courts have held that, because the statute of limitations on each employee's claim runs until he files a consent form, see Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 660 (S.D.N.Y. 2013), the "normal course of action is to provide the subject notices to only those individuals "employed within three years of the date of the notice."  Hamadou v. Hess Corp., 915 F. Supp. 2d at 668; see also Ritz v. Mike Rory Corp., No. 12 CV 367, 2013 WL 1799974, at *3 (E.D.N.Y. Apr. 30, 2013) (holding that the statute of limitations runs not from the date that the complaint was filed, but instead from the date of the Court's order granting the motion for conditional certification).

Alternatively, although notice is normally provided to those employed within three years of the date of the notice, "courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of

individual plaintiffs' actions will be entertained at a later date." Garcia v. Chipotle Mexican Grill, Inc., No. 16 CV 601, 2016 WL 6561302, at *9 (S.D.N.Y. Nov. 4, 2016) (quoting Hamadou, 915 F. Supp. 2d at 668); see also Alves v. Affiliated Home Care of Putnam, Inc., No. 16 CV 1593, 2017 WL 511836, at *5 (S.D.N.Y. Feb. 8, 2017); Fa Ting Wang v. Empire State Auto Corp., 2015 WL 4603117, at *13 (finding that "the remedial purposes of the FLSA are best served by setting the time for both discovery and notice using the date of the filing of the Complaint"); Bifulco v. Mortgage Zone, Inc., 262 F.R.D. at 216 (finding that three years prior to the commencement of the lawsuit was the appropriate time period in an FLSA case).

The Court agrees with the latter view and finds that it is appropriate to send the notice to all potential class members extending three years back from the filing of the Complaint. Providing a longer opt-in period will ensure that potential plaintiffs have sufficient time to join the litigation.

G.  Returning the Consent Forms

Defendants contend that the signed consent forms should be sent to the Clerk of Court and not sent to plaintiff's counsel.  (Defs.' Opp. at 18 (citing Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 462 (E.D.N.Y. 2014) (noting that "[t]he common practice in the Eastern District is to have opt-in plaintiffs send their consent forms to the Clerk of the Court rather than to plaintiffs' counsel").  Some courts have found that if there is only a de minimis possibility of discouragement for opt-in plaintiffs selecting their own counsel, consent forms may be sent to plaintiff's counsel.  See, e.g., Dilonez v. Fox Linen Serv. Inc., 35 F. Supp. 3d 247, 257 (E.D.N.Y. 2014) (holding that "the Notice plainly provides that '[y]ou have the right to retain your own counsel,' . . . Given this plain language, the chances of a reasonable reader being

unfairly discouraged from seeking other counsel is *de minimis* at best") (internal citations omitted).  A *de minimis* risk may be inferred by explicit language in the proposed notice, such as "you may retain your own counsel."  Id.; see also Ritz v. Mike Rory Corp., 2013 WL 1799974, at *4 (approving a notice form that instructed opt-in plaintiffs to return consent forms to plaintiff's counsel with language advising the opt-ins that they could "select any counsel of their choosing").

While the Court acknowledges that directing opt-in plaintiffs to return consent forms to plaintiffs' counsel may implicitly discourage those plaintiffs from seeking other counsel, and courts have ordered the consent forms to be filed with the Clerk of Court, the proposed Notice here adequately informs the opt-in plaintiffs of their right to retain separate counsel, reducing any risk of discouraging them from selecting their own counsel.  In three separate places in the Notice, the potential opt-in plaintiffs are advised of their right to retain an attorney of their own. (Notice at 4).  In fact, the Notice contains a subsection titled "Should I get my own attorney?". (Id.)  In that section, the Notice advises potential opt-in plaintiffs that, if they choose to retain a different attorney, they can submit their consent directly to the Clerk of Court.  (Id.)  Given this language, the Court finds that any risk of discouraging someone from retaining their own counsel is *de minimis*.  Accordingly, the consent forms may be returned to plaintiff's counsel.

H.  Language of the Notice and Consent Forms

Plaintiff has asked that "all notices or posts to [defendants'] employees' attention be in" English and Chinese, which plaintiff anticipates will be "the predominant language[] of the FLSA [c]ollective."  (Pl.'s Mem. at 22-23).  Defendants do not object to this request. "Generally, courts permit notice to be 'translated into the mother tongue of non-English speaking

35

groups of potential plaintiffs.'"  Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 76 (E.D.N.Y. 2016)

(quoting Colon v. Major Perry Street Corp., No. 12 CV 3788, 2013 WL 3328223, at *8

(S.D.N.Y. 2013)); Chui v. American Yuexianggui of LI LLC, 2020 WL 3618892, at *10.  This

Court finds no reason to deviate from this general practice, and thus Notice and consent forms

should be circulated in both English and Chinese.[15]

    I.   Alternative Publication

Plaintiff requests that, if 20% of the mailed notices are returned as undeliverable with no

forwarding address, or if defendants fail to produce a comprehensive list of employees "with full

contact information," then plaintiff should be allowed to use an alternative means of publishing

the Notice at defendants' expense.  (Pl.'s Reply at 20).  Defendants argue that cost shifting is

inappropriate under this Court's precedent.  (Defs.' Opp. at 25 (citing Qian Xiong Lin v. DJ's

Int'l Buffet Inc., 2019 WL 5842798, at *6) (finding an identical request "patently

unreasonable")).

This Court finds plaintiff's request in this regard premature, and therefore denies

plaintiff's request without prejudice.  Shiqiang Gao v. A Canaan Sushi Inc., No. 18 CV 6442,

2019 WL 6724359, at *5 (S.D.N.Y. Dec. 10, 2019); accord Xing Ye v. 2953 Broadway Inc., No.

18 CIV. 04941, 2020 WL 2904070, at *5 (S.D.N.Y. June 3, 2020) (allowing plaintiff to file a

motion requesting cost shifting if, in fact, more than 20% of the notices were returned as

undeliverable); Gui Zhen Zhu v. Matsu Corp, 424 F. Supp. 3d 253, 274 (D. Conn. 2020).

---

[15] Plaintiff fails to specify whether the anticipated plaintiff class speaks Mandarin or Cantonese or both languages. Plaintiff's declaration indicates that she speaks Mandarin, but at least Yang Gao's declaration indicates that he speaks Cantonese, suggesting that at least some of the employees in the restaurants where he serves as a General Manager might speak Cantonese as well.  The Notice and consent forms should therefore be circulated in whichever form or forms of Chinese plaintiff and defendants agree is or are appropriate.

J.   Tolling the Statute of Limitations

Finally, plaintiff asks that the Court toll the statute of limitations period "on a case-by-case basis to prevent inequity."  (Pl.'s Mem. at 23 (citing Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000)).  Courts have permitted equitable tolling, finding that potential plaintiffs should "not be penalized due to the courts' heavy dockets and understandable delays in rulings." McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012).  At this point, however, the Court finds that such a request is also premature.  See Fa Ting Wang v. Empire State Auto Corp., 2015 WL 4603117, at *14 (recommending that the plaintiff's motion for equitable tolling be denied, and that the District Court "*sua sponte* order an equitable tolling of the statute of limitations for the period between the filing of the present motion and the entry of the District Judge's Order").  If appropriate, plaintiff can raise the issue of tolling later.

CONCLUSION

For the reasons stated above, plaintiff's motion for conditional certification is granted in part and denied in part.  Once the Notice and consent form have been finalized, the Court Orders defendants to post copies of the Notice and consent form in conspicuous areas within Shanghai You Garden Dumpling House, located at 135-33 40th Road, Flushing, NY 11354, and Shanghai You Garden, located at 41-07 Bell Boulevard, Bayside, NY 11361.  Plaintiffs may also send copies of the Notice and consent forms to all current and former pastry, dim sum, and steamer chefs who worked or work at the two above mentioned restaurants.  The notice period shall extend back to September 27, 2017—three years prior to the filing of the Complaint.

Defendants are further Ordered to provide plaintiff with an Excel spreadsheet setting forth the names and addresses, as well as any alternate addresses, telephone numbers, email

addresses, work locations, and dates of employment that defendants have in their possession for all pastry, dim sum, and steamer chefs that worked at these restaurants during the notice period.

In addition, plaintiff's requests for a 90-day opt-in period, exclusion of defendant's counsel's information, and plaintiff's request to send notices via mail, email, and text message to individual potential opt-in plaintiffs are GRANTED. Further, plaintiff's request to have consent forms sent to plaintiff's counsel is GRANTED, as is plaintiff's request to disseminate the Notice and consent forms in English and Chinese and plaintiff's request to send a reminder emailing/mailing halfway through the opt-in period. Plaintiff may also send the reminder through text message.

Plaintiff's requests for potential opt-in plaintiff's social media information, and to send the notice via social media applications and to post the Notice publicly on social media groups and plaintiff's counsel's website are DENIED, however, as is plaintiff's request that defendants be required to disseminate the Notice with their employees' paychecks. Plaintiff may reapply to contact potential opt-in plaintiffs directly through social media, however, if the currently permissible means of contacting potential plaintiffs prove unavailing. Plaintiff's requests for equitable tolling and that defendants be required to pay for alternative publication if 20% or more of the mailed notices are returned as undeliverable are also DENIED, but without prejudice. Plaintiff may reraise these requests if they become ripe.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York

November 1, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York