UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FENG CAI WANG, *on behalf of herself and*
*others similarly situated*,

                      Plaintiff,                           **<u>ORDER</u>**

    - against -                                20 CV 4588 (RER) (CLP)

YOU GARDEN DUMPLING, INC., *et al.*,

                      Defendants.
------------------------------------------------------------X

       On September 27, 2020, plaintiff Feng Cai Wang ("plaintiff") commenced this action as a putative class and collective action against corporate defendants You Garden Dumpling Inc., d/b/a Shanghai You Garden; You Garden Xiao Long Bao Inc., d/b/a Shanghai You Garden; Gao and Yuen 28 LLC; individual defendants Yuen Fan, Alan Gao, Shukwan Li, a/k/a Shu Kwan Li, Xiaoyun Shang, a/k/a Xiao Yun Shang, and Victoria Fan-Li, a/k/a Victoria Fan, a/k/a Victoria Li (collectively, the "You Garden defendants"); and Golden Roast, Inc., d/b/a Corner 28, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 <u>et seq.</u>, and the New York Labor Law ("NYLL") §§ 190 <u>et seq.</u> and 650, <u>et seq.</u>  (Compl.[1]).  On November 30, 2020, plaintiff filed an Amended Complaint, naming as additional corporate defendants Shanghai You Garden, Inc., d/b/a Shanghai You Garden Dumpling House; You Garden Inc., also d/b/a Shanghai You Garden Dumpling House; Dumpling Times Inc., d/b/a Shanghai You Garden; Roast 28 Inc.; and Gao and Yuen 28 LLC; and individual defendants Xiu Feng Gao and Yang

---

[1] Citations to "Compl." refer to plaintiff's Complaint filed on September 27, 2020 (ECF No. 1).

Gao[2] (together with the original defendants, collectively, "defendants").  (Am. Compl. [3]).

On March 31, 2025, this Court entered an Order directing the completion of all paper discovery by April 14, 2025, and ordering defendants to explain why a further deposition of the plaintiff is needed, including a list of subject areas not previously covered.  (ECF Order dated March 31, 2025).  Currently pending before this Court is defendants' Motion for discovery (Defs.' Ltr.[4]), in which defendants ask the Court to:  (1) compel plaintiffs to produce documents and provide supplemental interrogatory responses as requested in the You Garden Defendants' deficiency letter dated April 8, 2025; (2) compel plaintiff Feng Cai Wang to sit for an additional deposition, of seven hours, after providing said responses; and (3) direct plaintiff's counsel to refrain from making speaking objections or interfering with the interpreter's translations during that deposition.  (Id. at 1).

## DISCUSSION

A.  Legal Standards

"[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds."  In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003) (Sotomayor, J.).  The scope of discovery is set forth in Rule 26 of the Federal Rules of Civil Procedure.  Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . "  Fed. R. Civ. P. 26(b)(1).  "Information is relevant if: '(a) it has any

---

[2] In defendants' pending Motion, counsel for defendant Alan Gao noted that Yang Gao was incorrectly separately named;Yang Gao and Alan Gao are the same individual (ECF No. 94 at 1).

[3] Citations to "Am. Compl." refer to the Amended Complaint filed on November 30, 2020 (ECF No. 22).

[4] Citations to "Defs.' Ltr." refer to defendants' letter Motion for discovery, filed April 18, 2025 (ECF No. 94).

tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" Vaigasi v. Solow Mgmt. Corp., No. 11 CV 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). "Once the requesting party establishes that its discovery request meets this [relevance] standard, the burden shifts to the responding party to demonstrate that discovery is improper." Sadofsky v. Fiesta Prod., LLC, 252 F.R.D. 143, 151 (E.D.N.Y. 2008). "A court must limit discovery if 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" Beaton v. Verizon N.Y., Inc., No. 20 CV 672, 2020 WL 644925, at *2 (E.D.N.Y. Nov. 3, 2020) (quoting Fed. R. Civ. Proc. 26(b)(2)(C)(i)).

### B.  Plaintiff's Continued Deposition

Defendants seek the continued deposition of plaintiff Feng Cai Wang, noting that the You Garden defendants' corporate representative, Alan Gao, was deposed for 17 hours while plaintiff was only deposed for 6 hours and 20 minutes, accounting for the 45-minute lunch break.  (Defs.' Ltr. at 2).  Defendants argue that because plaintiff's deposition was repeatedly disrupted by "extensive speaking objections and coaching of the witness," and because plaintiff's counsel repeatedly interrupted and challenged the Mandarin interpreter's translations, the pace of plaintiff's examination was "incredibly slow."  (Id.)  Defendants further claim that not only did plaintiff provide evasive answers, but because counsel directed the translation of her objections, plaintiff would "parrot[] her attorney's objections rather than answer the direct question posed."

(Id. (quoting from Defs.' Ex. A[5] at 77; see also id. at 15-19, 20-22, 24-25, 40-42, 45, 52-53, 54-57, 58-59, 61, 62, 64-66, 69, 73-74, 80, 83-84, 105, 115-16)).  Defendants contend that not only did these interruptions deprive defendants of the benefit of 7 hours of testimony, but the amount of time spent on plaintiff's testimony is "grossly disproportionate" to the time spent on Mr. Gao's deposition.  (Id. at 3 (noting that Mr. Gao also testified through an interpreter)).

Defendants further explain that due to the delays engendered by plaintiff's counsel's objections, they were only able to question plaintiff about her individual claims and were unable to question plaintiff at all regarding her allegations of numerosity, commonality, typicality, adequacy and superiority, which are critical to assessing the viability of plaintiff's class claims. (Id. at 4).  Defendants seek time to explore such topics as 1) the policies and practices of defendants that plaintiff claims denied her proper compensation, 2) the "unfair and wrongful acts" by defendants against other members of the putative class, 3) the basis for plaintiff's claim that all defendants are part of a single enterprise, 4) plaintiff's claim that she is able to protect the interests of the class, 5) her discussions with other employees as referred to in her affidavit in support of the motion for collective action certification under the FLSA, and 6) the allegations in paragraphs 40-88 of plaintiff's affidavit concerning the experiences of specific coworkers.  (Id.) Defendants note that these questions are particularly critical in this case where, despite sending out notices to opt in to the collective action, "not a single person" has opted in as of the date of defendants' letter.  (Id.)

In plaintiff's letter response dated April 27, 2025, plaintiff contends that defendants have failed to demonstrate that additional time is needed or that plaintiff "impeded" the examination.

---

[5] Exhibit A to defendants' letter Motion is the transcript of plaintiff's deposition, which took place on October 21, 2022.  (ECF No. 94-1).

(Pl.'s Ltr.[6] at 1).  Plaintiff further argues that "[c]olloquoy or speaking objections alone" are not a sufficient basis for extending the deposition and that defendants had "ample opportunity" to explore the relevant issues.  (Id. (citing Edwards v. Wilkie, No. 16 CV 8031, 2019 WL 5957171 (S.D.N.Y. Nov. 13, 2019))).  Plaintiff further argues that there were no instructions not to answer, nor did the witness refuse to answer any of the questions put to her.  (Id.)

Moreover, plaintiff argues that any objections to translation must be timely made or will be waived.  (Id. at 2 (citing Simmons v. Garland, No. 21 CV 1728, 2024 WL 1468239 (E.D.N.Y. Mar. 20, 2024))).  Plaintiff's counsel claims that not only is she fluent in Mandarin and English, but she is a certified Mandarin-English interpreter, certified by the New York State Courts.  (Id. at 1-2).  Accordingly, plaintiff objects to extending plaintiff's deposition because of any colloquy, objections to the translation, or speaking objections.

Courts have found additional time beyond the presumptive 7 hours for a deposition to be warranted where an interpreter is needed, even when there is no concern about the accuracy of the translation or other concerns raised about counsel's tactics during the deposition.  See, e.g., Gibbs v. American School for the Deaf, No. 5 CV 563, 2007 U.S. Dist. LEXIS 54736, at *2 (E.D.N.Y. July 27, 2007) (authorizing an additional 7 hours of deposition time to accommodate for translation delay); see also Republic of Turkey v. Christie's Inc., 326 F.R.D. 402, 407 (S.D.N.Y. Sept. 13, 2018) (granting additional deposition time when an interpreter was used).

In this case, however, given the Court's review of the plaintiff's deposition transcript, the Court finds even more reason to grant the request for additional time.  Not only is the transcript

---

[6] Citations to "Pl.'s Ltr." refers to plaintiff's letter in opposition to defendants' Motion, dated April 27, 2025 (ECF No. 95).

riddled with improper speaking objections and what appears to be an effort to coach the witness, as cited by defendants (Defs.' Ltr. at 2), but constant challenges to the translation by the interpreter based on counsel's own knowledge of the language clearly impeded the progress of the deposition. Whether counsel's objections were warranted or not is not the issue. A cursory review of the deposition transcript demonstrates that much time was taken dealing with challenges to the translator's interpretation both of defendants' counsel's questions and the witness's answers, sometimes resulting in extended dialogue between plaintiff's counsel and the translator. (Id.)

Accordingly, the Court grants defendants' request for an additional 7 hours of deposition time with the plaintiff. Counsel for plaintiff is admonished to refrain from any further speaking objections which are clearly prohibited by the Federal Rules. See Fed. R. Civ. P. 30(c)(2) ("An objection must be stated concisely in a nonargumentative and nonsuggestive manner"). Objections should be limited to privilege or "objection as to form" only. If the improper objections and efforts to coach the witness through counsel's objections continue, the Court will consider imposing sanctions.

To the extent counsel believes that there was an error in translation, rather than interrupting the deposition with extended discourse, counsel should simply state "objection: translation." The parties may also want to consider hiring a different certified interpreter, agreed upon by both parties, and to record both the Mandarin and English for later review.

C.  Plaintiff's Discovery and Interrogatory Responses

Defendants also contend that at the time of plaintiff's deposition, plaintiff had not

6

provided proper and complete responses to defendants' discovery requests.  (Defs.' Ltr. at 4).

Despite sending plaintiff's counsel a deficiency letter and despite plaintiff filing supplemental

responses to the requests on March 17, 2025, defendants contend that her responses continue to

be deficient.  (Id. at 4-5).  Indeed, as of the date of defendants' letter Motion, defendants claimed

that plaintiff had still failed to respond to their deficiency letter, despite this Court's directive to

do so by April 14, 2025.  (Id. at 5).  Given that plaintiff's supplemental response stated that she

does not have any responsive documents to the "vast majority" of defendants' requests,

defendants argue that they are entitled to question her about that response during her deposition.

(Id. at 5).

In addition, defendants seek an Order compelling plaintiff to provide the documents and

interrogatory responses identified in their deficiency letter dated April 8, 2025, as set forth

below.  (Id.)


Document Request Nos. 74 and 78 seek production of plaintiff's communications with

other employees of the defendants about the alleged unfair practices.  (Id. (citing Ex. C)).

Defendants argue that plaintiff "contradicts her affidavit" by stating that she is not in possession

of any documents responsive to these requests, and they demand that plaintiff search her text

messages and emails and provide any notes or other documents concerning these

communications.  (Id.)

In response, plaintiff explains that she does not possess any responsive documents, and

that she "'befriended'" and "'observed'" her coworkers and talked with them about work.  (Pl.'s

Ltr. Ex. 1 at 2).  She further states "'[t]here is no reasonable grounds to believe'" that plaintiff

ever possessed responsive documents or "'did not conduct a search for responsive documents.'" (Id.)

While the Court disagrees with defendants' assertion that plaintiff necessarily "contradicts her affidavit" by not having any documents to produce, plaintiff is Ordered to provide an affidavit affirmatively stating that she has conducted a search of her records, including text messages and emails, and that she has no documents responsive to defendants' requests. If her communications with other employees were only oral communications, she should so state.[7]

Document Request Nos. 82 and 93 – Passports and Travel Documents: Defendants also seek documents concerning any time off plaintiff may have taken, including passports and other travel documents showing any trips taken to China while employed by defendants. (Defs.' Ltr. at 5). Defendants claim that at her initial examination, plaintiff said that she took two trips to China during her employment with defendants, but took no time off other than that. (Id.) When asked to produce her passports and other travel documents, plaintiff claimed she had no responsive documents. (Id.) The Court agrees that it is hard to believe that plaintiff has no passport or any other travel documents. However, the question is whether the request is relevant to the issues in the case. According to plaintiff, she testified as to the dates she traveled to China, and those dates have been confirmed through defendants' own employment records showing

---

[7] The Court notes that in her response letter dated April 27, 2025, plaintiff declined to address the specific points raised in defendants' letter, noting that with respect to the requests for plaintiff's tax returns, authorizations for employment records, plaintiff's passport, "and so on," she incorporated by reference her objections and arguments made in her response to defendants' deficiency letter. (Pl.'s Ltr. (citing Ex. 1)). Accordingly, the Court has considered her arguments as set forth in Exhibit 1 – Plaintiff's Response to Deficiency Letter, dated April 27, 2025 (ECF No. 95-1).

when she was not working.  (Pl.'s Ltr., Ex. 1 at 2).  Moreover, plaintiff contends that this request

is simply a way to obtain information about plaintiff's citizenship or immigration status.  (Id.)

It is well settled in the Second Circuit that a plaintiff's immigration status is not relevant

to FLSA and NYLL cases.  See Lopez v. Guzman, No. 17 CV 1668, 2018 WL 11411132, at *2

(E.D.N.Y. Nov. 27, 2018), aff'd, 2021 WL 4033574 (E.D.N.Y. Sept. 3, 2021); Rosas v. Alice's

Tea Cup, LLC, 127 F. Supp. 3d 4,  10 (S.D.N.Y. 2015); Rodriguez v. Pie of Port Jefferson Corp.,

48 F. Supp. 3d 424, 426 (E.D.N.Y. Sept. 24, 2014); Colon v. Major Perry St. Corp., 987 F. Supp.

2d 451, 464 (S.D.N.Y. 2013) (finding plaintiffs' immigration status irrelevant to both FLSA and

NYLL wage and hour claims and therefore denying discovery request); Corona v. Adriatic

Italian Rest. & Pizzeria, No. 08 CV 5399, 2010 WL 675702, at *1 (S.D.N.Y. Feb. 23, 2010)

(finding "plaintiffs' immigration status will have no bearing on . . . whether the plaintiffs were

compensated in accordance with applicable state and federal wage and hour statutes, for the

work they performed").  "Accordingly, 'courts addressing the issue of whether defendants should

be allowed to discover plaintiff-workers' immigration status in cases seeking unpaid wages

brought under the FLSA have found such information to be undiscoverable.'"  Rodriguez v. Pie

of Port Jefferson Corp., 48 F. Supp. 3d at 426 (quoting Liu v. Donna Karan Int'l, Inc., 207 F.

Supp. 2d 191, 192 (S.D.N.Y. 2002)).

An employee's immigration status has absolutely no bearing on whether his employer

paid him properly.  In fact, holding otherwise would contradict "not only the policy underlying

the FLSA [and the NYLL] but also federal immigration policy" of "protecting workers from

substandard wages, and to prevent the payment of substandard wages from being used as an

unfair method of competition against law-abiding competitors."  Solis v. Cindy's Total Care,

9

<u>Inc.</u>, No. 10 CV 7242, 2011 WL 6013844, at *3 (S.D.N.Y. Dec. 2, 2011) (quotation omitted). Allowing discovery into immigration status in a FLSA or NYLL litigation would have a "chilling effect" because "'it is entirely likely that any undocumented [litigant] forced to produce documents related to his or her immigration status will withdraw from the suit rather than produce such documents and face . . . potential deportation.'" <u>Uto v. Job Site Servs. Inc.</u>, 269 F.R.D. 209, 211-12 (E.D.N.Y. Sept. 20, 2010) (quoting <u>Topo v. Dhir</u>, 210 F.R.D. 76, 78 (S.D.N.Y. 2002)). Thus, such discovery is excludable because "'the potential for prejudice far outweighs whatever minimal probative value such information would have.'" <u>Id.</u> (quoting <u>Flores v. Amigon</u>, 233 F. Supp. 2d 462, 464-65 (E.D.N.Y. 2002)).

Although defendants have not explicitly requested immigration-related documents, their requests for plaintiff's passport implicitly seeks the same. Defendants' only professed reason for seeking the passport is to determine when plaintiff took off time from work. (Defs.' Ltr. at 5). As plaintiff's counsel notes, defendants' own records should reflect when plaintiff was not working, whether she was traveling to China or within the United States or even took off personal time for illness, for example. (Pl.'s Ltr., Ex. 1 at 2). In the absence of any other explanation as to why plaintiff's passport or travel documents would be relevant and proportional to the needs of this case, the Court denies defendants' Motion to compel their production.

<u>Document Request No. 86</u> seeks documents relating to plaintiff's damages. (Defs.' Ltr. at 5). Again, defendants question plaintiff's response that she has no responsive documents, citing plaintiff's testimony that she is in possession of all her wage statements and paystubs, and

"that 'of course' she is in possession of all her time records" but has not produced any documents for multiple time periods.  (Defs.' Ltr. at 6 (quoting Defs.' Ex. A at 151)).  While plaintiff is correct that employers are required to maintain records and employees are not (Pl.'s Ltr., Ex. 1 at 3), here, plaintiff has stated that she is in possession of certain records.  She is Ordered to either produce all responsive documents or indicate in her Affidavit (see <u>supra</u> pg. 8) that, contrary to her prior statements and testimony, she does not possess any documents relating to her hours worked and wages paid.  Failure to provide any responsive documents will result in an Order to preclude her from later offering wage and hour documents that were not produced by her during discovery in this matter.

     <u>Document Request No. 121</u> seeks authorizations for the records of any other employment held by plaintiff during the period from January 1, 2015, to the present.  (Defs.' Ltr. at 6).  Defendants take issue with plaintiff's response that she has no responsive documents, arguing that they are asking her to prepare authorizations, not produce existing documents.  (<u>Id.</u>)

     In response, plaintiff argues that her work history prior to being employed by defendants is not relevant, nor is her employment history after she left defendants' employ.  (Pl.'s Ltr., Ex. 1 at 3).  To the extent that defendants seek employment records for plaintiff's employment concurrent with her employment with defendants, plaintiff argues that this is a "fishing expedition" and that defendants have made no showing that plaintiff was, in fact, employed elsewhere during the time she worked for defendants.  (<u>Id.</u>)

     The Court agrees that to the extent defendants' request seeks information about employment prior to or after the dates of plaintiff's employment by defendants, that information

is wholly irrelevant. However, plaintiff is Ordered to clarify whether she held any other employment during the period that she was employed by defendants. If not, then her response is appropriate; she cannot provide an authorization for employment that she never held.

   Defendants' final Document Request No. 123 sought production of income tax returns from 2015 to the present. (Defs.' Ltr. at 6). Plaintiff has declined to produce such documents, claiming they are privileged and confidential. (Id.)

   Although tax filings may be subject to civil discovery, see United States v. Bonanno Organized Crime Fam. of La Cosa Nostra, 118 F.R.D. 625, 627 (E.D.N.Y. 1988), courts are generally reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax filings. See Chen v. Republic Rest. Corp., No. 07 CV 3307, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008) (holding that "[a]lthough tax returns are not privileged documents, Court[s] are reluctant to order their discovery," which stems in part from the "'private nature of the sensitive information contained therein, and in part from  the public interest in encouraging the filing by taxpayers of complete and accurate returns'") (quoting Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). To protect the privacy interests surrounding the sensitive information contained in tax filings, courts use a two-part test before compelling their production:  "'(1) the tax returns must be relevant to the subject matter of this action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.'"  Melendez v. Primavera Meats, Inc., 270 F.R.D. 143, 144 (E.D.N.Y. 2010) (quoting Sadofsky v. Fiesta Prods., LLC, 252 F.R.D. at 149). The burden of satisfying that test falls on the party seeking production of the tax filings. Id.

Defendants have failed to demonstrate that plaintiff's tax returns are relevant to the issues in this case.  To the extent that defendants seek these records to show that plaintiff may have reported her income differently from that actually received from defendants, or failed to file her tax returns at all, neither of these aims is relevant to whether defendants paid plaintiff properly under the wage and hour laws.  At worst, they could be used as a back door to alert the jury to plaintiff's immigration status, which, as discussed <u>supra</u>, is not appropriate in the context of an FLSA or NYLL case.  More critically, however, regardless of whether plaintiff properly reported her wages, defendants were still obligated under the law to pay plaintiff proper wages and to maintain records of all hours worked by, and wages paid to, plaintiff.  <u>See</u> N.Y. Comp. Codes R. & Regs., tit. 12 § 146-2.1 (requiring employers to keep payroll records of wages, including regular and overtime hourly wages; the amount of gross wages; deductions from gross wages; the amount of net wages; and money paid in cash).  Thus, because the Court finds that defendants have failed to satisfy the relevance test for seeking these documents, the Court denies defendants' Motion to compel plaintiff to produce her tax returns.[8]

<u>Interrogatory Nos. 7-13</u>:  Defendants ask the Court to Order plaintiff to provide responses to Interrogatory Nos. 7-13, which asked plaintiff to state, for each of the defendant entities, "all facts concerning [her] allegation that [the defendant entity] was [her] employer during the Relevant Period as alleged in the Complaint, identifying with particularity the factual basis for this allegation, all persons having knowledge of any of these facts, the specific facts about which

_____

[8] The Court further notes the complete impropriety of defendants' request for returns going back long before plaintiff's employment with defendants.

each such person has knowledge, and all communications and documents concerning this allegation and/or [her] Answer to this Interrogatory." (Defs.' Ltr. at 6, citing Defs.' Ex. D[9]). Defendants contend that they should be entitled to depose plaintiff about her response to these interrogatories, but also complain that she has failed to provide a "fulsome response" identifying persons with knowledge of the facts stated in her interrogatory response, and identifying "all communications" plaintiff had about the matters mentioned in her response. (Id. at 7).

Given that the interrogatories are overly broad, include numerous subparts, and require a discursive response, and given the Court's Order granting defendants additional time to conduct plaintiff's deposition, the Court denies defendants' Motion to compel further responses to these interrogatories.

Defendants' Interrogatory No. 20 asks plaintiff to itemize and describe the damages plaintiff seeks, "including the nature and amount of damages for each cause of action . . . the legal and factual basis for each item . . . the basis and method of computation of each item . . . and all documents that refer to, relate to, and/or concern the subject matter of and [her] Answer to this Interrogatory." (Id.) The request for "all documents" relating to plaintiff's claim for damages is overly broad, and in fact would encompass every single document produced in this litigation. The Court declines to Order that production. To the extent that defendants challenge plaintiff's recollection of the hours she worked, the pay she received, and her method of calculating damages, they can address that during her deposition. Defendants are once again reminded that under the FLSA and NYLL, plaintiff employees are not required to maintain

---

[9] Although defendants cite Exhibit D, the quoted language appears in defendants' second attachment to their letter Motion, which is defendants' Deficiency Letter, dated February 10, 2025 (ECF No. 94-2).

precise records; that is defendants' responsibility, and to the extent that defendants' records are deficient in any way, the trier of fact is entitled to consider plaintiff's own recollection. Santillan v. Henao, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011) (holding that plaintiff can meet their burden of showing that they performed work that was not properly compensated "by relying on recollection alone") (collecting cases); Feng v. Kelai Corp., 727 F. Supp. 3d 423, 444 (S.D.N.Y. 2024), appeal dismissed (June 13, 2024) (holding that "where an employer's payroll records are inaccurate or incomplete," plaintiff's burden to show improperly compensated work "is not high and may be satisfied through an employee's estimates based on his own recollection") (internal quotation marks omitted).  Thus, the Court denies defendants' Motion to compel further responses.

However, it is reasonable for defendants to be given a computation of potential damages broken down by claim – minimum wage, overtime, spread of hours – liquidated damages, if sought, and any other type of damages sought in the case.

Plaintiff is Ordered to provide responsive documents and interrogatory responses in accordance with this Order by January 2, 2026.  If plaintiff is responding by providing an Affidavit as described supra, that Affidavit must also be provided by January 2, 2026.

CONCLUSION

For the aforementioned reasons, defendants' Motion to compel is granted in part and denied in part.  The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
           December 9, 2025

15

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York